# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2272 | **DATE** | 4/3/2013 |
| **CASE TITLE** | Dellrita Thomas vs. EZ Movers, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the pending motions [3], [4] are denied as moot and the instant action is dismissed for lack of subject matter jurisdiction. Civil case terminated.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Dellrita Thomas' (Thomas) motion for leave to proceed *in forma pauperis* and motion for attorney assistance. The "first duty" of a district court in an action is to "[e]nsur[e] the existence of subject-matter jurisdiction." *Winters v. Fru-Con Inc.*, 498 F.3d 734, 740 (7th Cir. 2007)(quoting *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005)); *see also Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008)(stating that "[s]ubject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself"). Thomas' complaint relates to certain money she allegedly paid for moving services performed by a non-governmental company, which Thomas contends should be refunded to her. Thomas does not state any federal claims, nor has Thomas established that the court has subject matter jurisdiction over the instant action based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. Therefore, the pending motions are denied as moot and the instant action is dismissed for lack of subject matter jurisdiction.